**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEFF BONOMO,           )<br>                                )<br>     Plaintiff,               )<br>                                )<br>v.                              )     Case No. 4:21-cv-00411<br>THE BOEING COMPANY,  )<br>                                )<br>     Defendant.            ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Boeing Company ("Defendant" or "Boeing") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, State of Missouri. In support of its Notice of Removal, Defendant states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1. The action styled *Jeff Bonomo v. The Boeing Company*, Case No. 21SL-CC00856, was filed in the Circuit Court of St. Louis County, State of Missouri, on or about February 24, 2021.

2. Defendant Boeing was served with a summons and a copy of Plaintiff's Petition on March 10, 2021.

3. This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

4. This action arises from Plaintiff's employment and Boeing was Plaintiff's employer.

5. In his Complaint, Plaintiff alleges he retired from The Boeing Company on January 2, 2020. Complaint ¶ 55. He purports to bring claims for constructive discharge based on age

discrimination and retaliation under the Missouri Human Rights Act, §§ 213.010, RSMo *et seq.*; *Id.* ¶¶ 56-71.

6. Venue of this civil action is proper in this Court pursuant to 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction over this action based on diversity pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

8. At the time the action was filed, Plaintiff was a citizen of the state of Missouri. *See* Plaintiff's Complaint ¶ 2.

9. At the time the action was filed and at all times since, Defendant Boeing was and continues to be a corporation incorporated under the laws of Delaware and with its principal place of business in Illinois.

10. Because Plaintiff is a citizen of a different state than Defendant, there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

11. The amount in controversy in this matter exceeds $75,000.

12. Plaintiff's Complaint seeks damages under the MHRA resulting from an alleged constructive discharge based on age discrimination and retaliation. *See* Complaint ¶¶ 56-71. The MHRA allows for potential recovery of lost back pay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. *See* § 213.111.2, RSMo.

13. For his constructive discharge claim based on age discrimination, Plaintiff's Complaint requests damages "in excess of $25,000, including both actual and punitive damages,

for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances." *See* Plaintiff's Complaint, Count I.

14. For his constructive discharge claim based on retaliation, Plaintiff's Complaint also requests damages "in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances." *See* Plaintiff's Complaint, Count II.

15. Accordingly, the combined minimum damages Plaintiff explicitly demands, on the face of the Complaint, total ***at least*** (and "in excess of") $50,000.

16. The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "What matters is what is ***possible***, not what is ***likely***; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." *Newbauer v. Hill-Rom Co. Inc.*, 2018 WL 2411617, at *1 (D. Minn. May 29, 2018) (emphasis in original); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

17. Plaintiff alleges that he was constructively discharged from his employment in violation of the MHRA. *See* Plaintiff's Complaint ¶¶ 57-60, 64-69. "Employees who are discriminated against are entitled to back pay and reinstatement if they were actually or

3

constructively discharged from their employment." *Davis v. Kansas City Hous. Auth.*, 822 F. Supp. 609, 616 (W.D. Mo. 1993). Back pay is measured from the date of discharge until the date the final judgment is entered, and is to be reduced by any interim earnings. *Id.*; *see also Gray v. Tyson Foods, Inc*., 46 F. Supp. 2d 948, 951 (W.D. Mo. 1999) (plaintiff awarded $40,000 in back pay in a constructive discharge case); *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 550 (8th Cir. 1998) (in a retaliatory discharge case, affirming the award of back pay damages of $60,000).

18.  Here, the potential back pay at issue, standing alone, would satisfy the amount in controversy requirement. Plaintiff retired from his employment at Boeing effective on or about January 2, 2020. Plaintiff's Complaint ¶ 54. At the time of his retirement, Plaintiff earned $139,000 per year. Assuming a trial date about 18 months from now, Plaintiff's back pay damages at trial for his salary alone would allegedly amount to about $347,500. *See Caldwell v. General Motors, LLC*, 2018 WL 6696624, at *2 (E.D. Mo. Dec. 20, 2018) (denying motion to remand, and calculating back pay damages based on the assumption of a trial taking place in 18 months). Although a proper calculation of back pay would account for the earnings Plaintiff received from any employment that he held after his retirement, upon information and belief, Plaintiff has not worked continuously since his retirement from Boeing or otherwise alleges that he has not earned as much as he would have had he remained employed by and been promoted at his prior employment at Boeing.

19.  Plaintiff's Complaint also alleges that he applied for two promotions before his employment ended, in 2017 and 2018, but was not selected. Complaint ¶¶ 18, 39. The damages due to the alleged failure to promote him would also result in the amount in controversy being met. On December 19, 2018, Plaintiff was earning approximately $135,213 per year. If promoted in December 2018, he would have earned in his new role, at minimum, approximately $148,000 per

4

year. Therefore, Plaintiff's damages for this claim total approximately $13,000 per year. Assuming a trial date about 18 months from now, Plaintiff's back pay damages at trial associated with the alleged promotional decision alone will total about $52,000. Plaintiff also will claim that he should have been given additional promotions and raises in the future to higher-level positions with higher salaries, which further raises the amount in controversy.

20. Thus, Plaintiff's *potential* award of back pay alone surpasses the amount in controversy requirement. *See Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396–97 (8th Cir. 2011) ("[I]t is more likely than not that the back pay award that Clark seeks by itself exceeds $75,000. Consequently, we believe Matthews has carried its burden of proving by a preponderance of the evidence that diversity-of-citizenship jurisdiction exists over Clark's MHRA claim.").

21. In assessing the amount in controversy, courts also consider the value of front pay or reinstatement. Reinstatement is "the preferable remedy in MHRA claims," but "front pay may be awarded where reinstatement is not feasible." *Walker v. Fed. Express*, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019); *Salazar v. Tyson Foods, Inc.*, 985 F. Supp. 2d 996, 1001 (S.D. Iowa 2013) (denying a motion to remand, even though the plaintiff only sought $65,000 in monetary relief, because the value of non-monetary relief brought the amount in controversy above the jurisdictional threshold).

22. A judgment that requires Defendant to reinstate Plaintiff or to compensate him with front pay damages would result in the above-described back pay damages ($139,000 per year) continuing to be paid for years into the future beyond the trial date, either as wages or to satisfy the judgment. Such an award would also account for the higher positions Plaintiff alleges he should have been promoted to. *See King v. Staley*, 849 F.2d 1143, 1145 (8th Cir. 1988) ("King is entitled to receive backpay equal to the difference between what she would have earned as an Accounting

5

Supervisor and the amount that she earned in mitigation of damages. Moreover, King is entitled to frontpay on this basis until she is placed in a comparable position or declines an offer of comparable employment."); *see Willis v. Watson Chapel Sch. Dist.*, 749 F. Supp. 923, 924 (E.D. Ark. 1990) (ordering the defendant to pay the difference between the plaintiff's current salary and the salary of the position he was not promoted to "until the plaintiff is placed" into the promotional position); *Ogden v. Wax Works, Inc.*, 29 F. Supp. 2d 1003, 1022 (N.D. Iowa 1998) (in a constructive discharge case, awarding plaintiff $69,768 in front pay). Plaintiff alleges that he wanted to retire at age 70, i.e., in 2024. Thus, assuming a trial in late 2022, the amount in controversy with respect to front pay is about two years of wages in the higher-level positions that Bonomo allegedly wanted to attain, which total at least $278,000 based on his final salary alone. Thus, the amount in controversy due to Plaintiff's potential backpay and front pay recoveries is more than sufficient on their own to surpass the jurisdictional threshold.

23. Compensatory damages for emotional distress in discrimination cases often range from $50,000 to $150,000, even when the only evidence of emotional distress comes from the testimony of the plaintiff and not an expert witness or treating healthcare provider. *See Gray v. Tyson Foods, Inc.*, 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (in a constructive discharge case, affirming award of compensatory damages of $50,000, which was reduced from a jury award of $185,000); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1053 (8th Cir. 1997) (in a failure to promote case, affirming award of $100,000 in non-economic damages for emotional distress and loss of enjoyment of life, which was reduced from a jury award of $1.5 million); *Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($269,000 judgment entered after jury verdict in this amount for actual damages); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($750,000

6

judgment entered after jury verdict in this amount for actual damages); *Horn v. St. Louis Univ.,* Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($167,000 judgment entered after jury verdict in this amount for actual damages); *Kucia v. Southeast Arkansas Community Action Corp.*, 284 F.3d 944, 947-48 (8th Cir. 2002) ($50,000 in compensatory damages for emotional distress); *Ross v. Douglas County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) ($100,000 for emotional distress); *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1061-62 (8th Cir. 1993) ($125,000 for mental anguish and suffering). Plaintiff's Complaint alleges severe emotional distress in that it claims he experienced working conditions so "intolerable" that he "was compelled to resign/retire." Complaint ¶¶ 57, 66. Such allegations place significant emotional distress in controversy.

24.     Plaintiff also seeks punitive damages under the MHRA, which often results in large punitive awards. Plaintiff alleges a pattern of discrimination that, if proven, could support significant punitive damages aimed at correcting repeated instances of alleged illegal conduct. *See, e.g., Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 576–77 (8th Cir. 1997) (in a constructive discharge case, affirming judgment awarding $350,000 in punitive damages, which was reduced from a jury award of $50 million); *Gray v. Tyson Foods, Inc.,* 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (in a constructive discharge case, affirming judgment awarding $100,000 in punitive damages, which was reduced from a jury award of $800,000); *Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) (finding an award of punitive damages in the amount of $700,000 was appropriate); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. App. E.D. 2009) ($325,000 in punitive damages was appropriate); *McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 658, 675 (Mo. App. W.D. 2016) (affirming $350,000 in punitive damages in a disparate treatment case); *see also White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D.

Mo. Mar. 8, 2012); *Kim*, 123 F.3d at 1053 (affirming judgment awarding $300,000 in punitive damages, which was reduced from a jury award of $7 million); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($1,750,000 judgment entered after jury verdict in this amount for punitive damages); *Horn v. St. Louis Univ.,* Case No. 1222-CC09870 (St. Louis City Circuit Court, September 22, 2016) ($200,000 judgment entered after jury verdict in this amount for punitive damages).

25.     Under the MHRA, a successful plaintiff is also entitled to recover reasonable attorneys' fees. If Plaintiff prevails on his claims at trial, it is reasonably certain that his attorney's fees will exceed $75,000. *Baker v. John Morrell & Co.*, 382 F.3d 816, 832 (8th Cir. 2004) (in a constructive discharge case, affirming award of $163,198.91 in attorneys' fees and $11,728.23 in costs); *Lin v. Washington Univ. et al.*, 1422-CC09377 (St. Louis City Circuit Court, August 25, 2017) ($319,635.00 judgment entered for attorney's fees); *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000.00 judgment entered for attorney's fees); *Green v. City of St. Louis, et al.*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000.00 judgment entered for attorney's fees); *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 935 (8th Cir. 2007) (in failure to promote case, affirming award of $74,905 in attorney fees, plus other damages); *Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees); *Caldwell v. Gen. Motors, LLC*, 2018 WL 6696624, at *3 (E.D. Mo. Dec. 20, 2018)

(denying motion to remand, and noting that there are "MHRA cases in which plaintiffs have been awarded punitive damages and attorneys' fees well in excess of $75,000").

26. Courts in the Eighth Circuit have found that, in discrimination cases where the actual damages are as low as $35,000, the other damages available are more than adequate to meet the amount in controversy. *White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. Mar. 8, 2012) (finding the amount in controversy was met, even though the lost wages appeared to be around only $35,000 and the party was proceeding *pro se* and would not incur attorney fees, because alleged damages associated with emotional distress and punitive damages brought the amount in controversy above $75,000); *Jarrett v. Henkel Corp.*, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (finding amount in controversy met in a discrimination case where the actual damages were about $40,000); *Polites v. Home Depot U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (denying motion to remand in MHRA case where compensatory damages were alleged to be $44,000, and stating, "even assuming that Plaintiffs' actual damages are less than $75,000, Polites' demand for punitive damages, damages for emotional distress, and attorneys' fees would increase this amount.").

27. Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on his claims, his damages and attorneys' fees will exceed $75,000 and the jurisdictional amount in controversy requirement is met.

28. Removal to this Court also is appropriate because Plaintiff already has a case against Boeing pending in this Court relying on virtually the same underlying facts as this case. *See Jeff Bonomo v. The Boeing Company*, Case No. 4:19-cv-03394-SEP.

29. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice to counsel for Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

30. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, and orders served on Defendant is attached to this Notice as Exhibit A.

WHEREFORE, Defendant The Boeing Company, by and through its counsel, desiring to remove this civil action of the United States District Court for the Eastern District of Missouri, Eastern Division, pray that the filing of this Petition and for Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Andrew L. Metcalf*
Gregg M. Lemley, #44464MO
Andrew L. Metcalf, #66079MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
gregg.lemley@ogletree.com
andrew.metcalf@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that April 8, 2021 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that paper copies were sent via U.S. Mail to the following:

Douglas Ponder
Jaclyn M. Zimmermann
20 South Sarah Street
St. Louis, MO 63108

*/s/ Andrew L. Metcalf*
Attorney for Defendant

46227126.1