

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THOMAS CHRISTIAN ALBUS | Case Number: 21SL-CC00856 |
|---|---|
| Plaintiff/Petitioner:<br>JEFF BONOMO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS B. PONDER<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br>THE BOEING COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** THE BOEING COMPANY
Alias:

CSC-LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

26-FEB-2021
Date                                              Clerk

**Further Information:**
MT

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____(name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                            Date                       Notary Public

**Sheriff's Fees, if applicable**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage            $_____ (_____ miles @ $._____ per mile)
**Total**          $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-1627**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-1627**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **JEFF BONOMO,** | )<br>) |
| Plaintiff, | ) Cause No. _____<br>) |
| v. | ) Division No. ___<br>) |
| **THE BOEING COMPANY,**<br>Serve: CSC - Lawyers Incorporating<br>Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101 | )<br>)<br>)<br>)<br>) Jury Trial Demanded<br>) |
| Defendant. | )<br>) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendant states:

### Nature of Action

1. This action is brought pursuant to the Missouri Human Rights Act (MHRA), chapter 213 RSMo., for constructive discharge based on age discrimination and retaliation.

### Parties

2. Plaintiff Jeff Bonomo is an adult male citizen of the State of Missouri.

3. Defendant Boeing Company is a foreign company registered to do business in the State of Missouri.

4. At all times relevant to this lawsuit, Defendant was an employer within the meaning of § 213.010(7) of the MHRA in that Defendant employed more than six employees in the State of Missouri.

### Venue

1

5. Venue is proper in St. Louis County because the unlawful discriminatory practices occurred in St. Louis County, Missouri.

## Procedural Prerequisites

6. On or about May 28, 2020, Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR), through dual filing, wherein he alleged Defendant unlawfully discriminated against him based on age and retaliation.

7. On or about November 30, 2020, the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue.

## Factual Allegations

8. Plaintiff was born on November 23, 1954.

9. Plaintiff began working for Defendant in 1985.[1]

10. Plaintiff spent the majority of his career with Boeing working on the Flight Ramp in St. Louis.

11. Boeing manufactures two aircraft in St. Louis, the F-15 and the F-18.

12. The Flight Ramp is where F-15 and F-18 aircraft are tested and certified before being sent to the customer.

13. On March 28, 2017, a notice for a newly created senior level (Level M) manager position on the Flight Ramp was posted.

14. A document called a Tooling Center New Hire Screening Worksheet ranking the applicants using an objective scoring system corresponding to the position's qualifications was prepared.

15. Numerous people applied, including Aaron Boswell, Plaintiff, and Daniel Oetjen.

---

[1] Initially Plaintiff worked for McDonnell Douglas. McDonnell Douglas and Boeing merged in 1997.

16. With respect to the Tooling Center New Hire Screening Worksheet, Aaron Boswell scored 14; Plaintiff scored 13; and Daniel Oetjen scored 9.

17. Oetjen's score of 9 was tied for the lowest score of the applicants other than several that scored 0.

18. Oetjen's qualifications did not qualify him to be interviewed.

19. Aaron Boswell was chosen for the position on June 2, 2017.

20. Boswell was 33 years old when he was selected for the position.

21. Plaintiff believed he was being discriminated against based on his age, and consequently Plaintiff filed a complaint with Defendant's internal EEO office.

22. In August, 2017, Plaintiff was informed the investigation into his complaint was complete and no wrongdoing was found.

23. In September, 2017, James Dewees came to St. Louis as the Operations Executive Leader for the F-15 Program.

24. When Dewees arrived in St. Louis in September 2017, there were a total of two Level M Flight Ramp manager positions (one for each Flight Ramp), one occupied by John Mueller and one occupied by Aaron Boswell.

25. Shortly after Dewees arrived to St. Louis in September, 2017, John Mueller left the Flight Ramp and went to the Final Assembly department.

26. At the same time that Mueller left the Flight Ramp, Dewees, in consultation with his boss, decided to move Boswell from the Level M manager position overseeing the F-15 Flight Ramp to the Level M manager position overseeing the F-18 Flight Ramp.

27. This switch was in part a result of poor performance on Boswell's part.

3

28. Dewees immediately filled the open Level M manager position overseeing the F-15 Flight Ramp with Daniel Oetjen on an interim basis.

29. Dewees did not consider anyone else for the interim Level M manager position overseeing the F-15 Flight Ramp.

30. In October 2018, Dewees posted an open notice for the permanent Level M manager position overseeing the F-15 Flight Ramp.

31. The posting listed the same qualifications as the previous notice posted in 2017.

32. Dewees was the hiring manager for this position.

33. Dewees was 36 years old.

34. The hiring committee consisted of Amy Amin and Mark Sears.

35. Amin was 30 years old.

36. Sears was 37 years old.

37. Dewees handpicked Amin and Sears to be on the hiring committee.

38. Dewees knew both Amin and Sears well.

39. On December 4, 2018, Dewees selected Oetjen for the position and completed a Selection Process Results Form.

40. The decision to hire Oetjen was based solely on the interviews and no other criteria or sources of information, including annual reviews, were utilized.

41. Oetjen was 34 years old at the time.

42. Boeing has a written policy governing their hiring process called the Boeing Enterprise Staffing Handbook.

43. This Handbook requires that a hiring manager, when making the final decision on who to hire, consider multiple factors, including "the structured interview rating and job-relevant

4

work history, job-relevant information provided by the candidate, education, technical knowledge, performance management, corrective action, and other assessments. ..."

44. In other words, Boeing policy does not allow a hiring decision to be based on the interview alone.

45. On the first page of the Selection Process Results Form completed by Dewees, there is a section to state the rationale for selecting the chosen candidate.

46. Dewees left this section blank.

47. On February 19, 2019, an email was sent to Dewees informing him that the rationale for the final hiring decision was not provided on the Selection Process Results Form, and asking him to provide said information.

48. On March 4, 2019, another email was sent to Dewees requesting the rationale for the final hiring decision, along with a deadline to respond of March 8, 2019.

49. On March 7, 2019, Dewees finally responded, stating Oetjen was hired because he "interviewed the best of all the candidates interviewed."

50. Dewees' decision to hire Oetjen violated Boeing policy.

51. On February 11, 2019, Plaintiff filed a Charge of Discrimination alleging age discrimination and retaliation with respect to Dewees' decision to hire Oetjen over Plaintiff.

52. On November 4, 2019, after receiving a Right to Sue Letter, Plaintiff filed a lawsuit alleging age discrimination and retaliation with respect to Dewees' decision to hire Oetjen over Plaintiff.

53. Thereafter, because of the foregoing pattern of discrimination, as well as a steady reduction in responsibility, it became clear to Plaintiff that Boeing was attempting to force him

out, and no matter what Plaintiff did and what position he applied for, there was no further chance of promotion/advancement.

54. Consequently, Plaintiff retired on January 1, 2020.

55. Plaintiff would not have retired on January 1, 2020 had Boeing not engaged in the discriminatory conduct described herein.

### Count I – MHRA – Age Discrimination/Constructive Discharge

56. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

57. Plaintiff resigned/retired, and at the time of Plaintiff's resignation/retirement, his working conditions had become intolerable such that Plaintiff was compelled to resign/retire.

58. Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

59. Defendant either intended to force Plaintiff to resign/retire, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign/retire.

60. Plaintiff's age actually played a role in and had a determinative influence on Defendant's discriminatory actions towards Plaintiff, such that Plaintiff's age was the motivating factor in Defendant's discriminatory actions towards Plaintiff.

61. Plaintiff was damaged as a result of Defendant's discriminatory actions.

62. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred

herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

### Count II – MHRA – Retaliation/Constructive Discharge

63. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

64. Plaintiff opposed discrimination as described above (including filing a complaint with Defendant's internal EEO Office, filing a Charge of Discrimination, and filed in a lawsuit).

65. Plaintiff had a reasonable belief he was being discriminated against.

66. Plaintiff resigned/retired, and at the time of Plaintiff's resignation/retirement, his working conditions had become intolerable such that Plaintiff was compelled to resign/retire.

67. Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

68. Defendant either intended to force Plaintiff to resign/retire, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign/retire.

69. Plaintiff's opposition to discrimination actually played a role in and had a determinative influence on Defendant's discriminatory actions towards Plaintiff, such that Plaintiff's opposition to discrimination was the motivating factor in Defendant's discriminatory actions towards Plaintiff.

70. Plaintiff was damaged as a result of Defendant's discriminatory actions.

71. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By\_\_\_\_/s/ Douglas Ponder_____
  Douglas Ponder, #54968
  dbp@ponderzimmermann.com
  Jaclyn M. Zimmermann, #57814
  jmz@ponderzimmermann.com
  20 South Sarah Street
  St. Louis, MO  63108
  Phone:    314-272-2621
  FAX:      314-272-2713
  *Attorneys for Plaintiff*